UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO.   24-CR-246 (JEB) |
| | : | |
| v. | : | MAGISTRATE NO. 24-MJ-184 |
| | : | |
| **DAVON CUNNINGHAM,** | : | **UNDER SEAL** |
| also known as "Tank," | : | |
| also known as "Kevin," | : | |
| **DANDRE GOODWINE,** | : | |
| also known as "Dreads," | : | |
| **LEVANCIE CARR,** | : | |
| also known as "Locs," | : | |
| **ROOSEVELT RICHARDSON,** | : | |
| also known as "Rose," | : | |
| **JALONIE HOOPER,** | : | |
| also known as "JR," | : | |
| **JVARES AMARAY WRIGHT** | : | |
| also known as "Jay," | : | |
| **ARNEZ MACK, and** | : | |
| **EDWARD WILLIAMS,** | : | |
| also known as "Pooh," | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**GOVERNMENT'S MOTION TO SEAL AND DELAY ENTRY ON THE PUBLIC DOCKET OF THE INDICTMENT DOCUMENTS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the Criminal Indictment, the accompanying Arrest Warrant, the instant Motion to Seal and Delay Entry on the Public Docket of the Indictment Documents, and any resulting Order to Seal (collectively, the "Indictment Documents"), and to delay entry on the public docket of those aforementioned Indictment Documents.

In support of this motion, the government states as follows:

1. On May 30, 2024, a grand jury for the District of Columbia returned an indictment in this criminal case, charging the named defendants with Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, Title 21, United States Code, Section 846, Unlawful

Distribution and Possession with the Intent to Distribute Controlled Substances, Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi)), and 841(b)(1)(C), Using, Carrying, and Possessing a Machinegun in Furtherance of a Drug Trafficking Offense, Title 21, United States Code, Section 924(c), and the Unlawful Possession of a Firearm and Ammunition, Title 19 United States Code, Section 922(g) and Title 22, D.C. Code, Section 4503(a)(1) and (b)(1) (2001 ed.)).

  2. The sealing is necessary because the Indictment Documents contain sensitive information, the disclosure of which would not be in the interest of the government or the public. Public disclosure of the existence of the charging document at this time might alert the defendant not yet arrested in this matter that law enforcement is imminently seeking his arrest. Disclosure of the existence of the indictment and warrant prior to effectuating arrest may lead to the flight of the charged defendant or uncharged co-conspirators, and hamper law enforcement's ability to locate and apprehend the defendant. It also risks escalating the inherent dangers associated with arrests as an un-arrested defendant seeking to thwart an impending arrest may be more likely to arm himself, which presents a danger to law enforcement and nearby civilians. Premature disclosure also risks the obstruction, destruction, or movement of evidence, or intimidation of potential witnesses, relevant to the charged conduct. These are compelling reasons for the sealing of these documents. Accordingly, the United States requests that this Court grant the accompanying proposed order, which is attached.

  3. Relevant legal authority amply supports this motion. The Supreme Court has noted that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598 (1978). *See also United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1981). For example, as noted by the D.C. Circuit in *Hubbard*, court documents have been sealed to protect the secrecy of ongoing criminal investigations. *Id*. at 316, n.84 (citing *In re Sealed Affidavits*, 600 F.2d

1256 (9th Cir. 1979)); *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1141 (D.C. Cir. 2006) (acknowledging the need to seal court documents to avoid interfering with an ongoing investigation by special counsel). Federal courts are empowered to seal documents in appropriate circumstances, particularly in criminal proceedings. *See* Fed. R. Crim. P. 6(e)(4) (sealing of indictments); Fed. R. Civ. P. 26(c)(1) (sealing discovery to avoid embarrassment); Fed. R. Civ. P. 5 (granting federal courts supervisory power over pleadings). The sealing of a case is appropriate where there exists an extraordinary situation and a compelling governmental interest such as protecting an ongoing criminal investigation. *See generally Globe Newspaper v. Superior Court*, 457 U.S. 596, 606-07 (1982); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985); *Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991) (recognizing that a valid justification for sealing a plea agreement may be that its release could threaten an ongoing criminal investigation); *United States v. Wright*, 343 F.3d 849, 858 (6th Cir. 2003) (citing *United States v. Bracey*, 67 F.3d 1421, 1426 (9th Cir. 1995)) (the need to protect the safety of potential witnesses justified the sealing of an indictment).

    4.    In *Hubbard*, the D.C. Circuit has identified six factors as relevant in assessing the propriety of sealing court records: (1) the need for public access to the documents; (2) whether the public had prior access to the documents; (3) whether any objections have been raised to sealing or unsealing the documents and the identity of those objecting; (4) the strength of the generalized property and privacy interests asserted in the documents; (5) the possibility of prejudice; and (6) the purpose for which the documents were introduced. *Hubbard*, 650 F.2d at 317-22. In the case of sealing an arrest warrant such as this, those factors to the extent they apply all weigh in favor of sealing prior to effectuating arrest.

WHEREFORE, for the foregoing reasons and for any other such reasons as may appear to the Court, the Government respectfully requests that the Court grant this motion and enter the attached proposed order.

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            United States Attorney
                                            D.C. Bar Number 415793

By:    /s/ *Nihar Mohanty*
          Nihar R. Mohanty
          D.C. Bar No. 436-686
          Assistant United States Attorney
          United States Attorney's Office for D.C.
          Patrick Henry Building
          601 D Street, N.W., Fifth Floor
          Washington, D.C. 20530
          E-mail: Nihar.Mohanty@usdoj.gov
          Telephone: (202) 252-7700